

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

**SOKOLOFF STERN LLP**

MARK A. RADI
MRADI@SOKOLOFFSTERN.COM

November 26, 2025

**<u>Via ECF</u>**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1040
New York, NY 10007



Re:    *Blatt v. Town of Pleasant Valley, et al.*
       Docket No. 25-cv-8693 (JGLC)

Your Honor:

We represent the Defendants in this action and request the Court stay discovery pending resolution of Defendants' potentially fully dispositive motion to dismiss.  The parties conferred on the issue but disagree that discovery should be stayed.[1]

As fully set forth in Defendants' motion, Plaintiff owns a large mansion situated on a 26-acre lot ("Property") within the Town of Pleasant Valley ("Town").  Public documents the Court can consider show that, when Plaintiff purchased the Property, it was already located in a zone that prohibited short-term rental lodging and subject to a restrictive covenant that outlawed business activities on the Property.  Despite those facts, Plaintiff used the Property for short-term rental income.  After the Town issued him a violation, Plaintiff appealed to the Zoning Board of Appeals (ZBA) for a determination of whether his rental activities were permitted, but he withdrew the appeal before the ZBA ever issued a determination.

In June 2025, the Town amended the Zoning Code to regulate short-term rentals within its borders ("STR Law"), which Plaintiff claims precludes him from using the Property for short-term rentals.  Prior to passing the law, the Town held duly noticed public hearings that Plaintiff attended.  Under the STR Law, a property owner must apply to the Town Code Enforcement Officer for a rental permit.  The law allows the property owner to appeal any denial to the ZBA.  Plaintiff does not allege he ever applied for a permit or appealed to the ZBA for a variance from the STR Law's requirements (because he never did).  This Court can take notice that, in May 2025, a state court held in a related action that the subject restrictive covenant "clearly prohibits" short-term rentals on the Property.  Nevertheless, public information shows Plaintiff continues to rent the Property short-term, even as recently as one-month ago.[2]

---

[1] Defense counsel spoke with chambers which advised that, due to the nature of this motion, Defendants could submit this application as a letter motion rather than as a joint submission setting forth each party's position.

[2] <u>See</u> https://www.vrbo.com/2878622; https://www.rhinebrookestate.com/.

LONG ISLAND    ▪    HUDSON VALLEY

SOKOLOFF STERN LLP

Honorable Jessica G. L. Clarke
November 26, 2025
Page 2 of 3


Courts have discretion to stay discovery pending a motion to dismiss upon a showing of "good cause." Concern for Indep. Living, Inc. v. Town of Southampton, NY, 2025 WL 327983, at *2 (E.D.N.Y. Jan. 29, 2025); Al Thani v. Hanke, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021). In determining whether it is appropriate to stay discovery pending a motion to dismiss, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Concern for Indep. Living, Inc., 2025 WL 327983, at *2. Additionally, courts consider the nature and complexity of the action and posture of the litigation. Id.

Defendants have met the first prong by showing "substantial arguments for dismissal." Lawson v. Rubin, 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018). This is "perhaps the most important consideration in determining whether a stay should be granted." Concern for Indep. Living, Inc., 2025 WL 327983, at *4. In sum, and as fully set forth in Defendants' brief, Defendants contend the Court lacks jurisdiction over this action because Plaintiff has never received a final decision prohibiting him from using the Property for short-term rentals. In fact, Plaintiff never even applied for a rental permit or sought a ZBA variance from zoning requirements. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). This defect bars all of Plaintiff's federal and state law claims and is fully dispositive of this action. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 915 F. Supp. 2d 574, 597 (S.D.N.Y. 2013); Easton LLC v. Inc. Vill. of Muttontown, 2013 WL 1149149, at *3 (E.D.N.Y. Mar. 19, 2013).

Defendants' motion also amply demonstrates Plaintiff's failure to state any plausible claim. Defendants argue, among other things: Plaintiff's procedural due process claim is barred because it challenges legislative activity, Interport Pilots Agency, Inc. v. Sammis, 14 F.3d 133, 142 (2d Cir. 1994); Plaintiff failed to allege a protected property right supporting takings and due process claims because public record shows short-term rentals were never permitted on the Property, Martinez v. Town of Clarkstown, 2025 WL 2731038, at *4 (S.D.N.Y. Sept. 25, 2025); Plaintiff failed to plausibly plead differential treatment as compared to others similarly situated to support an equal protection claim, Ruston v Town Bd. for Town of Skaneateles, 610 F3d 55, 59 (2d Cir. 2010); Plaintiff failed to plausibly allege sufficient loss of value or economic impact as required for a regulatory taking, Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104 (1978); Plaintiff failed to plausibly allege the local zoning law discriminates against interstate commerce in favor of intrastate commerce to state a Dormant Commerce Clause claim, Town of Southold v. Town of East Hampton, 477 F.3d 38, 47 (2d Cir. 2007); and Plaintiff's state constitutional claims are redundant and dismissible for the same reasons as the federal claims, Sullivan v. MTA Police Dep't, 2017 WL 4326058, at *10 (S.D.N.Y. Sept. 13, 2017). This Court also lacks jurisdiction over Plaintiff's Article 78 claim, which must be commenced in state court. Mai v. N.Y. State Office of Temp. & Disability Assistance, 2023 WL 5978032, at *1 (E.D.N.Y. Sept. 14, 2023); S&R Dev. Ests., LLC v. Bass, 588 F. Supp. 2d 452, 464 (S.D.N.Y. 2008). These substantial arguments have strong potential for at least partial, if not complete, dismissal of this action. See

SOKOLOFF STERN LLP

Honorable Jessica G. L. Clarke
November 26, 2025
Page 3 of 3

<u>Concern for Indep. Living, Inc.</u>, 2025 WL 327983, at *4 (finding ripeness arguments, among others, "made a strong showing that the Complaint may be unmeritorious" and staying discovery).

The breadth of discovery will also be significant. As the subject matter of this action involves land use issues, zoning amendments, and public hearings, Defendants expect discovery will include voluminous, time-consuming, and expensive document production and involve a number of depositions. Considering the lack of ripeness and plausibility of Plaintiff's claims, engaging in such extensive discovery pending a decision on Defendants' motion will likely prove wasteful. Staying discovery pending resolution of the motion is appropriate to avoid potentially unnecessary expenditure of party, municipal, and judicial resources. <u>Id.</u> (finding stay "is appropriate to avoid the potentially unnecessary expenditure of party, municipal, and judicial resources").

Finally, staying discovery pending resolution of a potentially fully dispositive motion will not prejudice any party. This is a complex land use dispute, and this litigation is in its infancy as no answer has yet been filed. Indeed, Plaintiff will suffer no prejudice as it continues to flout the STR Law and zoning/restrictive covenant by continuing to rent the Property. Rather, a stay will benefit all parties by preventing likely unnecessary and costly discovery. <u>Id.</u> ("there would be little or no prejudice if discovery were stayed pending the decision on the motion to dismiss"). That Plaintiff does not consent is not dispositive. <u>Id.</u> at *2.

Application GRANTED. The Court has reviewed the parties' positions with respect to a stay of discovery set forth in ECF Nos. 15-16. Based on the parties' submissions, the Court stays discovery until resolution of Defendants' Motion to Dismiss. The factors set forth in the parties' letters weigh in favor of a stay. Defendants have moved to dismiss this case, and it remains possible that this action will be resolved in its entirety at the motion to dismiss stage. Although the Court declines to address the merits of this motion now, the Court finds, after an initial review, that the motion "is potentially dispositive, and appears to be not unfounded in the law." *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citation omitted). Plaintiffs also fail to articulate any particular, viable prejudice they will suffer as a result of the stay. Indeed, it appears from Defendants' letter, which Plaintiff did not address, that Plaintiff continues to rent out the property at issue. For these reasons, the court GRANTS Defendants' requested stay. The conference in this matter, previously scheduled for December 16, 2025, at 3:00 p.m., is ADJOURNED sine die. Additionally, Plaintiff's opposition to Defendants' Motion to Dismiss was due on December 10, 2025. Plaintiff has yet to file an opposition. Plaintiff must file his opposition by **December 16, 2025**, or Defendants' motion will be deemed unopposed, which may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.
SO ORDERED.

Respectfully submitted,

SOKOLOFF STERN LLP

Mark A. Radi

MARK A. RADI

cc:

All counsel of record (via ECF)

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge
Dated: December 12, 2025
New York, New York